WILLIAM R. TAMAYO - #084965 (CA)
JONATHAN T. PECK - #12303 (VA)
SANYA P. HILL MAXION - #18739 (WA)
EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, California 94105
Telephone: (415) 625-5650
Facsimile: (415) 625-5657

Attorneys for Plaintiff

STEVEN R. FELDSTEIN (CSB #59534)
BRIAN K. NAGATANI (CSB #208632)
BROOKE D. ANDRICH (CSB #238826)
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA 94025-3506
Telephone: (650) 324-7000
Facsimile: (650) 324-0638

*E-FILED - 8/20/07*

Attorneys for Defendant

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff <br><br> v. <br><br> ROBERT G. APTEKAR, M.D., INC., d/b/a ARTHRITIS AND ORTHOPEDIC MEDICAL CLINIC, <br><br> Defendant. | CIVIL ACTION NO. CIV. C-06-4808 RMW <br><br><br> **CONSENT DECREE** |

## I.  INTRODUCTION

1.      Plaintiff, EEOC, filed this action alleging that defendant, Robert G. Aptekar, M.D., Inc.,

d/b/a/ Arthritis and Orthopedic Medical Clinic ("Defendant" or "Medical Clinic")  subjected

Tomeika Broussard to a racially hostile work environment based on her race, African

American. The lawsuit also alleged that Defendant discharged Ms. Broussard in retaliation

CONSENT DECREE

for complaining about racial harassment.  Defendant filed an Answer to the Complaint in which it denied these allegations and further denied that it engaged in any wrongdoing whatsoever.

2.   The EEOC and Defendant want to conclude fully and finally all claims arising out of the above action without the expenditure of further resources and expenses in contested litigation.  They enter into this Consent Decree to further the objectives of equal employment opportunity as set forth in Title VII.

## II.  NON-ADMISSION OF LIABILITY

1.   This Consent Decree is not an adjudication or finding on the merits of this case and shall not be construed as an admission of a violation or any wrongdoing by Defendant.

## III.  PURPOSE OF THE  DECREE

1.   The parties  have entered into this Consent Decree in order to achieve the following purposes:

  a.   To avoid the time, expense and uncertainty of further litigation.

  b.   To implement policies and procedures which prohibit racial harassment or retaliation.

  c.   To provide for a payment to Ms. Broussard in order to resolve her alleged but contested claims of discrimination by Defendant.

## IV. GENERAL PROVISIONS

1.   This Consent Decree is intended to and does effectuate the full, final, and complete resolution of all allegations of unlawful employment practices and discrimination arising from or relating to EEOC Charge Number 37A-2004-05139 and the Complaint filed in EEOC v. Robert G. Aptekar, M.D., Inc., d/b/a Arthritis & Orthopedic Medical Clinic, Civil Action No.C-06-4808-RMW pursuant to Title VII of the Civil Rights Act of 1964.

2.   This Consent Decree in no way affects EEOC's right to process, in accordance with standard Commission procedures, charges filed by other individuals against Defendant alleging violations of Federal employment discrimination statutes.  Charges include any pending as of the effective date of this Consent Decree and filed in the future.  Processing includes the administrative investigation and conciliation and commencement of civil actions on the basis

CONSENT DECREE                                          2.

of such charges.

3.  This Court has jurisdiction over the subject matter and the parties to this action.

4.  This Consent Decree constitutes a full resolution of Plaintiffs Complaint and the underlying charge of discrimination filed with the EEOC.

5.  This Consent Decree shall become effective upon its entry by the Court.

6.  Each party shall bear its own costs and attorney fees.

7.  The Court has reviewed the terms of this Consent Decree in light of the pleadings, the record herein, and the applicable law, and now approves the Consent Decree in its entirety.

### V.  MONETARY RELIEF

1.  In settlement of the EEOC's claims for employment discrimination alleged in the Complaint or related to this lawsuit, Defendant agrees to pay the gross sum of $44,000.00 (Forty-four thousand dollars) to Ms. Broussard.

2.  Payment to Ms. Broussard shall be made no later than ten (10) days after the entry of this Consent Decree.  This payment shall be issued in a check drafted in Ms. Broussard's name and delivered to Ms. Broussard by certified mail.   Defendant shall make payment to Ms. Broussard in the form of a business check, cashier's check, or certified check.  Defendant also will issue an IRS Form 1099 for the check issued pursuant to this paragraph.

    a.  Defendant will mail a copy of the JRS Form 1099 to Sanya Hill Maxion, Senior Trial Attorney for the EEOC, at 350 The Embarcadero, San Francisco, CA 94105 simultaneously with the mailing of a copy of it to Ms. Broussard.

### VI.  GENERAL INJUNCTIVE RELIEF

1.  *Harassment:* Defendant, its officers, agents, managers (including supervisory employees), successors and assigns, and all those in active concert or participation with them, is enjoined from discriminating on the basis of race or permitting the existence of a work environment that is hostile to employees based on their race and prohibited under Title VII of the Civil Rights Act of 1964.

//

//

**CONSENT DECREE**                                     3.

2. *Retaliation:* Defendant, its officers, agents, managers (including supervisory employees), successors or assigns, and all those in active concert or participation with them, is enjoined from engaging in, implementing or permitting any action, policy or practice with the purpose of retaliating against any person who was identified as a possible claimant or witness in this action because they opposed any practice of harassment or other discriminatory acts on the basis of race made unlawful under Title VII; filed a Charge of Discrimination alleging any such practice; or testified or participated in any manner in any investigation (including, without limitation, any internal investigation undertaken by Defendant), proceeding or hearing in connection with this case.

## VII.  SPECIFIC INJUNCTIVE RELIEF

1. Defendant will incorporate the following "Statement of Zero-Tolerance Policy and Equality Objectives" in its EEO and Harassment Policy:

> Defendant is firmly committed to maintaining a zero-tolerance policy concerning discriminatory harassment and retaliation against individuals who report harassment in the company's workplace; to swiftly and firmly responding to any acts of harassment and retaliation of which the company becomes aware; to implementing a disciplinary system that is designed to strongly deter future acts of harassment or retaliation; and to actively monitoring its workplace in order to ensure tolerance, respect and dignity for all people.

2. In order to accomplish the objectives embodied in the Statement of Zero-Tolerance Policy and Equality Objectives and this Consent Decree, Defendant shall further develop and implement the following policies, procedures and practices:

*EEO and Harassment Policies*

    a. Defendant agrees that to the extent necessary it shall issue a separate policy or modify its existing EEO & harassment policies, within forty-five (45) days of signing the Consent Decree, such that the policies: (i) include definitions of discriminatory harassment, with specific reference to harassment based on race; (ii) include examples to supplement the definitions of harassment based on race; (iii) provide for substantial discipline **and/or** corrective action for incidents of discriminatory harassment; (iv) include strong non-retaliation language with examples to supplement the definition of retaliation, (v)

provide for substantial discipline for incidents of retaliation; (vi) provide that complaints of harassment and/or retaliation will be accepted irrespective of whether they are made verbally or in writing; (vii) explain that Defendant will conduct a  prompt and thorough investigation after a complaint is made or received and, where appropriate, will take remedial action upon conclusion of an investigation; and (viii) indicate that, promptly upon the conclusion of the investigation of a complaint, Defendant will communicate to the complaining party the results of the investigation and at least a general description of the remedial actions taken or proposed, if any.

    b.    Defendant shall effectively disseminate its revised policies and procedures by:

        1.    Distributing copies to all current employees within 10 days of their adoption;

        ii.    Giving a copy of the policy to and reviewing the policy with all new employees upon the employees' hire.

    c.    Defendant will submit a copy of the revised EEO and harassment policies to EEOC at the same time it submits its report on the completion of training as described below in Section IX.

*Complaint Procedures:*

    d.    Defendant shall develop or revise its complaint policies and procedure to the extent necessary, such that they are designed to encourage employees to come forward with complaints about violations of its harassment policy.  As part of the policy, Defendant shall provide its employees with convenient, confidential and reliable mechanisms for reporting incidents of harassment and retaliation.  Defendant's complaint procedure and harassment policy shall notify employees that they may lodge a complaint with their immediate supervisor or the Office Manager, and shall provide the name and telephone numbers for the Office Manager. Contact information for the Office Manager also shall be continuously posted in a prominent place at Defendant's

business.

e.     Defendant will submit a copy of the complaint procedures to the EEOC at the same time it submits its certification of completion of training as required by Section IX.

*Supervisor Accountability.*

f.     Defendant agrees that it shall impose substantial discipline – up to and including termination, suspension without pay or demotion – upon any supervisor or manager whom Defendant determines has engaged in unlawful harassment or has knowingly permitted any such conduct to occur in his or her work area or among employees under his or her supervision, or who Defendant determines has retaliated against any person who complains or participates in any investigation or proceeding concerning any such harassment.

g.     Defendant shall communicate this policy to all current supervisors and managers when it disseminates its revised EEO and harassment policies or no later than 45 days after entry of this Decree if the policy does not require revision.

h.     Defendant shall communicate this policy to all other supervisors and managers at the time they are hired or promoted to supervisor/manager and subsequently, on an annual basis.

i.     Defendant agrees that it shall advise all managers and supervisors of their duty to actively monitor their work areas to ensure employee compliance with the harassment policy, and to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the Office Manager.

*Harassment Training*

j.     During the term of this Consent Decree, Defendant will present to its employees, including managers and supervisors, one two (2) hour mandatory

**CONSENT DECREE**                                                        **6.**

anti-harassment training, supported and introduced by Dr. Robert G. Aptekar, covering prevention of harassment and the issues covered by the policy described in paragraph VII.2.a., above.

k.     The training shall be developed and presented by an outside professional, i.e. someone who is not employed by Defendant, who is knowledgeable about Title VII and harassment issues and who has the background, skill and ability to educate Defendant's employees about the issue of discriminatory harassment in the workplace.   The training will include examples of the types of remarks and behavior that will not be tolerated.  The training will further inform each participant that he or she is responsible for knowing and complying with the contents of Defendant's EEO and harassment policies and procedures.

l.     Supervisors and/or managers who will assume responsibility for enforcing Defendant's EEO and harassment policies shall also receive training on appropriate techniques for documenting and investigating complaints of harassment.  The training on investigative techniques can be included as a component of the mandatory discriminatory harassment training.

The cost of the training described in paragraph j, above, shall be borne by Defendant.

m.     Following the training session, all participants shall be given a questionnaire through which they will be asked to critique the training and provide suggestions to improve future training.  Defendant will retain records of the training programs, copies of any materials distributed during the training, the dates on which it held the training and records identifying the persons who attended and those who did not attend.  Defendant will provide a copy of these records, the training materials and the completed post-training questionnaires to the Commission within thirty (30) days of completion of the trainings.     .

**CONSENT DECREE**                                7.

## VIII. EMPLOYMENT REFERENCES

**A.**     Defendant shall not disclose any information or make references to any charge of discrimination or this lawsuit in responding to employment reference requests for information about Tomeika Broussard, unless required to do so by subpoena or other legal process.  Defendant will provide only neutral references in response to inquiries from prospective employers of Ms. Broussard.  In response to a specific inquiry, Defendant may disclose Ms. Broussard's dates of employment, position held and rate of pay, as requested.  However, in order for this provision to apply, Ms. Broussard must direct all persons seeking references to the Office Manager.

## IX.  REPORTING

1.     Six months after entry of the decree and again every six months thereafter during the term of the Consent Decree, Defendant will submit reports to the EEOC summarizing any complaints of racial harassment received by Defendant during the preceding six-month period.  The reports will include the identities of the complainant(s), and a summary of action taken in response to the complaint and the resolution of any such complaint.

2.     Within thirty (30) days after completion of the anti-harassment training described in Section VII.2.j., above, Defendant will send the EEOC appropriate verification of its completion of harassment training for its employees.

**3.**     Defendant shall submit a final report to the EEOC thirty (30) days before the Consent Decree expires containing a statement verifying its compliance with the terms of the Consent Decree.

## X.   RETENTION OF JURISDICTION AND EXPIRATION OF CONSENT DECREE

1.     This Consent Decree shall terminate eighteen (18) months from the date of entry by the court, unless EEOC petitions this court for an extension of the Decree because of noncompliance by Defendant.  If EEOC determines that Defendant has not complied with the Consent Decree, EEOC will provide written notification of the alleged breach to Defendant and will not petition the court for enforcement sooner than thirty (30) days after providing

written notification.  The thirty-day period following written notice shall be used by the parties for good faith efforts to resolve the issue.  If EEOC petitions the court and the court finds Defendant to be in substantial violation of the terms of the Decree, the court may extend this Consent Decree.

2.      This Court shall retain jurisdiction over this action for the purposes of enforcing the provisions of this Consent Decree. This Consent Decree shall expire by its own terms at the end of eighteen (18)  months without further action by the parties at which time this lawsuit shall be deemed dismissed with prejudice.

Respectfully submitted,

DATED: June 26 , 2007

WILLIAM TAMAYO
Regional Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

DATED: June 26 , 2007

JONATHAN PECK
Supervisory Trial Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

DATED: June 26,  2007

SANYA HILL MAXION
Senior Trial Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

DATED June 19 , 2007

STEVEN R. FELDSTEIN
HELLER EHRMAN LLP
Attorneys for Defendant

APPROVED AND SO ORDERED:

Dated: **8/17/07**

U.S. District Judge Ronald M. Whyte

**CONSENT DECREE**                                                  9.